**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRISTA DOUGHERTY, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>DREW UNIVERSITY,<br><br>      Defendant. | Civil Action No.: 2:20-cv-06518-SRC-CLW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Crista Dougherty ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Drew University ("Drew University" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

<u>**NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS**</u>

1.  This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 Semester at Drew University, and who, because of Defendant's response to the novel Coronavirus ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2.  Drew University is private university with a total enrollment of more than 2,000 students across its three schools, which include the College of Liberal Arts, the Drew Theological School, and the Caspersen School of Graduate Studies. Drew University offers undergraduate major concentrations in 31 academic areas and minor concentrations through the

1

College of Liberal Arts.  Drew University also offers a number of graduate-level degree programs through its Theological and Caspersen schools, including master's and Ph.D. degrees.[1]

3.      Plaintiff and Defendant entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the contractual agreement were set forth in publications from Drew University, including in the Drew University Academic Catalog (the "Academic Catalog"), specifically the 2019-2020 College of Liberal Arts Academic Catalog.[2]

4.      The Academic Catalog is directed at students, including Plaintiff and Class Members.

5.      When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring 2020 Semester, Plaintiff and Class Members viewed the Academic Catalog to make specific course selections prior to registering and paying for selected courses.

6.      The Academic Catalog provided Plaintiff and Class Members with information regarding the courses offered, the relevant department, credit hours, classroom activities, and the manner in which each course is to be held.

7.      On March 10, 2020, Defendant, via Drew University President MaryAnn Baenninger, announced that "[a]ll face to face classes are cancelled [from] … March 11-13[,]" and that, because of the global COVID-19 pandemic, all previously live classes would be

---

[1] http://www.drew.edu/academics/programs-of-study/ (last accessed May 20, 2020).

[2] http://catalog.drew.edu/index.php?catoid=31 (last accessed August 25, 2020).

conducted remotely beginning March 16, 2020, through at least April 3, 2020.[3]  Then, in an update dated March 17, 2020, President Baenninger announced that remote learning would continue through the remainder of the semester and finals week.[4]

8.       Thus, Drew University has not held any in-person classes since at least March 10, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

9.       As a result of the closure of Defendant's facilities, Defendant has not delivered students the educational services, facilities, access and/or opportunities for which Ms. Dougherty and the putative class contracted and paid.  The online learning options being offered to Drew University students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education for which Plaintiff and the putative class members contracted and paid.

10.       Nonetheless, Defendant has not refunded any tuition or fees for the Spring 2020 Semester.

11.       Plaintiff did not enter into an agreement with Defendants for online education, but rather sought to receive an in-person education from Defendant's institution.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access, and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has

---

[3] http://www.drew.edu/1/emergency-information/coronavirus-disease-2019-covid-19/#3-17-20 (last accessed May 20, 2020).

[4] *See id.*

3

improperly retained funds for services it is not providing.

12.     Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

14.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

15.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant's principal place of business is located in this District, Plaintiff resides in this District, and a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Specifically, the contract that is the subject of this action was formed in this District.

## THE PARTIES

16.     Plaintiff Crista Dougherty is a citizen of New Jersey who resides in Lake Hopatcong, New Jersey.  Ms. Dougherty's daughter is an undergraduate student at Drew University majoring in Fine Arts and minoring in Art History.  Ms. Dougherty's daughter's field of study requires in-person instruction, feedback, and a high level of collaboration, which

is made more feasible through in-class instruction.  Moreover, in-person classes are critical to

Ms. Dougherty's daughter's degree program, as it involves a live senior gallery show, which is

not feasible in a virtual academic environment.  In addition, Ms. Dougherty's daughter's art

classes were supposed to involve a feature of guest lecturers throughout the semester who were

going to attend various classes in order to observe at the students' art, interact with the students,

critique their work, and provide lectures on specialized subject matters.  After all classes at

Drew University went online, however, Ms. Dougherty's daughter was not able to receive

and/or benefit from the one-on-one evaluations and critiques with professors and guest lecturers

that she was promised and had expected at the time of enrollment for the Spring 2020 Semester.

Also as a result of Drew University's campus closure, Ms. Dougherty's daughter was unable to

engage in an internship during the Spring 2020 Semester, which the University had emphasized

was crucial for securing employment following graduation.  Ms. Dougherty paid approximately

$8,000 in tuition to Defendant for the Spring 2020 Semester.  Ms. Dougherty also paid

mandatory fees for the Spring 2020 Semester, including an "Art Fee" of $75.00, a "Parking

Fee" of $200.00, and a "Technology Fee" of $125.00.  Ms. Dougherty has not been provided a

refund of any monies paid in tuition or fees for the Spring 2020 Semester, despite the fact that

in-person classes have not been held since March 10, 2020.

17.     Plaintiff Drew University is a is a private university with its principal place of

business at 36 Madison Ave, Madison, New Jersey 07940.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For The Spring 2020 Semester*

18.     Plaintiff and Class members are individuals who paid the cost of tuition and

other mandatory fees for the Spring 2020 Semester at Drew University.

19.     Spring 2020 Semester classes at Drew University began on or around January 13, 2020, and final exams for the Semester are scheduled to end on or around May 6, 2020.[5]

20.     Plaintiff and Class members paid the cost of tuition for the Spring 2020 Semester.  They also paid other mandatory fees associated with the Spring 2020 Semester.

21.     Approximate tuition costs at Drew University for the Spring 2020 Semester are $19,914.00 for full-time undergraduate students and $11,124.00 for full-time graduate students.[6]

22.     Fees paid by or on behalf of Drew University students vary based on school. By way of example, undergraduate students at Drew University's College of Liberal Arts for Spring Semester 2020 paid mandatory fees including but not limited to a general fee of $291.00 and a technology fee of $125.00.[7]

23.     The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *The Academic Catalog For The Spring 2020 Semester Is Replete With Promises And Representations Regarding In-Person Instruction And Activities*

24.     The Academic Catalog for the Spring 2020 Semester at Drew University contains numerous promises and representations relating to in-person instruction and activities.

25.     For example, in Senior Studio II (ART 392), a course taken by Plaintiff Dougherty's daughter in the Spring 2020 Semester, Drew University promises a "senior

---

[5] https://www.drew.edu/registrars-office/about-us/academic-calendars/ (last accessed May 20, 2020).

[6] http://www.drew.edu/financial-aid/cost-of-attendance/ (last accessed May 20, 2020).

[7] https://www.drew.edu/university-finance/wp-content/uploads/sites/107/2020/03/2019-2020-CLA-Revised-03.02.2020.pdf (last accessed May 20, 2020).

exhibition in the Korn Gallery" and "[w]eekly critiques" by "visiting artists:"



26.    In Drawing I (ART 106), Drew University promises "[s]tudio activities [that] are grounded in observation and use [of] various wet and dry media:"



27.    In Photography II (ART 230), Drew University promises that students can "use film cameras, process black and white film, and produce gelatin silver prints in the darkroom." The course also "includes a photography field trip to New York City:"



28.    In Ceramic Sculpture (ART 112), Drew University promises that students will receive an "[e]xploration of handbuilding techniques, glazing and firing, mold making and casting:"



29.    In Microbes in Health and Disease (BIOL 103), Drew University promises that "[l]ectures are complemented with case studies, student presentations, hands-on activities during class time, and a site visit to a nearby sewage treatment plant:"



30.     In Ecology and Evolution (BIOL 150), Drew University promises that the course includes "field-based investigations of upland and wetland ecosystems, as well as simulations and laboratory experiments:"



31.     In Microbiology (BIOL 252), Drew University promises that "[l]aboratory work incorporates methods of bacterial isolation and identification, including microscopy, use of selective and differential media, biochemical and serological tests, and rapid ID methods:"



32.     The Academic Catalog contains many additional examples of promises relating to in-person instruction and activities.  Plaintiff hereby incorporates the Academic Catalog into her Complaint by reference.

### *In Response To COVID-19, All Drew Campuses Were Closed And All In-Person Classes Were Cancelled*

33.     On March 10, 2020, Drew University President MaryAnn Baenninger announced that, because of the global COVID-19 pandemic, effective immediately, all in-person classes would be suspended through at least April 3.  On March 17, 2020, President Baenninger announced that all classes at Drew University would continue to be held in online/remote format through the end of the Spring 2020 Semester.

34.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities for which Plaintiff and the putative class contracted and paid.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

35.     Plaintiff and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

36.     Defendant markets the on-campus experience at Drew University as a benefit of enrollment on Defendant's website:[8]

---

[8] *See* http://www.drew.edu/about/accolades/ (last accessed May 20, 2020); http://www.drew.edu/campus-life/ (last accessed May 20, 2020).





**Inclusiveness**                               **Environment**



Launch your life in a powerful community. Drew is a busy and welcoming place, with hundred of ways to make your mark. Here in The Forest, students are empowered to find their best selves in a wealth of campus activity. And they're encouraged, through Launch, to connect with the wide, wide world of opportunity.

" I chose Drew because I loved the camaraderie of the students and neighborhood atmosphere at Drew. Plus, there are so many great opportunities here. It blew me away. "

**—Brian Dagostino '20**
Media and Communications major, Drew Rangers baseball team; internship with New York Yankees

37.    The online learning options being offered to Drew University students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  This is particularly true for students like Ms. Dougherty's daughter, who is pursuing a Bachelor's Degree in Fine Arts, because she is unable receive in-person instruction, feedback, or critique.  Under these circumstances, Ms. Dougherty's daughter is also unable to collaborate or use on-campus resources in the manner necessary for success in her field of study.  Moreover, office hours for

professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance.  Email is simply no substitute for instances where additional teaching is required.

38.     The remote learning options are in no way the equivalent of the in-person education for which Plaintiff and putative class members contracted and paid.  The remote education being provided is not even remotely worth the amount charged class members for Spring 2020 Semester tuition.  The tuition and fees for in-person instruction at Drew University are higher than tuition and fees for other online institutions because such costs cover not only the academic instruction at Drew University, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

39.     Through this lawsuit Plaintiff seeks, individually and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online, and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff seeks to represent a class defined as all people who paid tuition and/or fees for the Spring 2020 Semester at Drew University for in-person educational services that Defendant failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28.     Plaintiff also seeks to represent a subclass consisting of Class members who reside in New Jersey (the "Subclass").

29.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

30.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31.    **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)    whether Defendant accepted money from Class members in exchange for the promise to provide services;

(b)    whether Defendant has provided the services for which Class members contracted; and

(c)    whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)    whether Defendant has unlawfully converted money from Plaintiff, the Class; and

(e)    whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

32.    **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

33.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

34.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually

impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

35.    In the alternative, the Class may also be certified because:

(a)    the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

(b)    the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

36.    Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

37.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

38.    Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Drew University, including the Academic Catalog for the Spring 2020 Semester.

39.    When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring 2020 Semester, Plaintiff and Class Members viewed the Academic Catalog to make specific course selections prior to registering and paying for selected courses.  Defendant's Academic Catalog constitutes an offer to enter a contractual agreement.

40.    The Academic Catalog provided Plaintiff and Class Members with information regarding the courses offered, the relevant department, credit hours, classroom activities, and the manner in which each course is to be held.

41.    Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring 2020 Semester.

42.    As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff and members of the Class and Subclass fulfilled their end of the bargain when they paid monies due for Spring 2020 Semester tuition.  Tuition for Spring 2020 Semester was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid,

members of the Class and Subclass were entitled to in-person educational services through the end of the Spring 2020 Semester.

43.    Defendant materially breached the parties' contractual agreement by failing to provide in-person educational services for the entirety of the Spring 2020 Semester.  The provisions of the contract breached by Defendant include, but are not limited to the provision setting forth the details of in-person educational services as described in the Academic Catalog for the Spring 2020 Semester.  The Spring 2020 Semester Academic Catalog indicated classes would be administered in an in-person, on-campus setting.  The Academic Catalog did not make any reference to the administration of courses in an online format.

44.    Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services.  Defendant has retained monies paid by Plaintiff and the Class for their Spring 2020 Semester tuition and fees, without providing them the benefit of their bargain.

45.    Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

46.    As a direct and proximate result of Defendant's breach, Plaintiff and members of the Class and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Drew University shut down on March 10, 2020.

47.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

48.     Therefore, Defendants should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided after Drew University shut down on or about March 10, 2020.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass)

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

51.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring 2020 Semester tuition and other fees in exchange for certain service and promises. Tuition for Spring 2020 Semester was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

52.     Defendant voluntarily accepted and retained this benefit by accepting payment.

53.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not

provided since Drew University shut down on March 10, 2020.

54.    It would be unjust and inequitable for Defendant to retain the benefit, and

Defendant should be required to disgorge this unjust enrichment.

55.    Defendant should be required to disgorge all profits resulting from such

overpayments and establishment of a constructive trust from which Plaintiff and Class Members

may seek restitution.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

56.    Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

57.    Plaintiff brings this claim individually and on behalf of the members of the

proposed Class and Subclass against Defendant.

58.    Plaintiff and members of the Class and Subclass have an ownership right to the

in-person educational services they were supposed to be provided in exchange for their Spring

2020 Semester tuition and fee payments to Defendant.

59.    Defendant intentionally interfered with the rights of Plaintiff and members of the

Class and Subclass when it moved all classes to an online format and discontinued in-person

educational services for which tuition and fees were intended to pay.

60.    Plaintiff and members of the Class and Subclass demand the return of the pro-

rated portion of any Spring 2020 Semester tuition and fees for education services not provided

since Drew University shut down on March 10, 2020.

61.    Defendant's retention of the fees paid by Plaintiff and members of the Class and

Subclass without providing the educational services for which they paid, deprived Plaintiff and

19

Class and Subclass members of the benefits for which the tuition and fees paid.

62.    This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class and Subclass members in that they paid tuition and fees for services that will not be provided.

63.    Plaintiff and members of the Class and Subclass are entitled to the return of pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since Drew University shut down on March 10, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)    For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

(b)    For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)    For prejudgment interest on all amounts awarded;

(e)    For an order of restitution and all other forms of equitable monetary relief;

(f)    For injunctive relief as pleaded or as the Court may deem proper; and

(g)    For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  August 25, 2020                          Respectfully submitted,

                                                 **BURSOR & FISHER, P.A.**

                                                 By:   /s/ *Yitzchak Kopel*
                                                          Yitzchak Kopel

                                                 Yitzchak Kopel
                                                 888 Seventh Avenue
                                                 New York, NY 10019
                                                 Tel:  (646) 837-7150
                                                 Fax: (212) 989-9163
                                                 E-Mail:  ykopel@bursor.com

                                                 **BURSOR & FISHER, P.A.**
                                                 L. Timothy Fisher (*pro hac vice* app. forthcoming)
                                                 Neal J. Deckant (*pro hac vice* app. forthcoming)
                                                 1990 North California Blvd. Suite 940
                                                 Walnut Creek, CA 94596
                                                 Telephone: (925) 300-4455
                                                 Facsimile:  (925) 407-2700
                                                 E-Mail:  ltfisher@bursor.com
                                                              ndeckant@bursor.com

                                                 **BURSOR & FISHER, P.A.**
                                                 Sarah N. Westcot (*pro hac vice* app. forthcoming)
                                                 2665 S. Bayshore Drive, Suite 220
                                                 Miami, FL 33133
                                                 Telephone: (305) 330-5512
                                                 Facsimile: (305) 676-9006
                                                 Email: swestcot@bursor.com

                                                 *Attorneys for Plaintiff*